IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON : CIVIL ACTION
:
v. :
:
WALMART SUPER STORE, ET AL. : NO. 09-6144

MEMORANDUM

**Padova, J.** August 5, 2010

*Pro se* Plaintiff Chalmers Simpson brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights arising from his May 21, 2009 arrest and subsequent state court prosecution for retail theft in case no. CR-2445-2009 (Chester County Ct. of Common Pleas). We initially denied Plaintiff's petition to proceed *in forma pauperis* and closed this case, because Plaintiff did not file a certified copy of his prisoner account statement for the six month period prior to the filing of this action. After Plaintiff filed the requisite account statement, we issued an order notifying Plaintiff that, if his petition were granted, he would still have to pay the $350 filing fee. Our order gave Plaintiff 20 days to notify the Court whether he wanted to proceed and pay the filing fee. Our order also warned Plaintiff that this action could be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), even if he paid the filing fee. Plaintiff did not notify the Court in a timely manner that he wished to proceed and this case remained closed. Plaintiff has since filed a "Motion to Proceed With Action and Pay Filing Fees" and a "Motion to Commence Action on New Complaint." We have conducted the screening of Plaintiff's Complaint and proposed New Complaint required by 28 U.S.C. §§ 1915(e) and 1915A, and for the following reasons grant Plaintiff's "Motion to Proceed With Action and Pay Filing Fees," deny his "Motion to Commence Action on New Complaint," and dismiss the Complaint and New Complaint.

**I.     BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institute at Camp Hill, Pennsylvania. The Complaint and the New Complaint assert claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights arising from his May 21, 2009 arrest and incarceration on one count of retail theft, pursuant to 18 Pa. Cons. Stat. Ann. § 3929(a)(1).  (New Compl. ¶¶ 24-25.)[1]  The Complaint and New Complaint seek compensatory damages from the Walmart Super Store located in Parkesburg, Pennsylvania; the Law Offices of Palmer, Reifler & Associates, P.A.; Magisterial District Judge Nancy A. Gill; a constable; the Parkesburg Police Department and Parkesburg Police Officers Amber L. Smith and Alan Manning; Walmart's Security Company and Security Personnel; and the Coatesville Police Department, Coatesville Police Officer MacElroy, and three John Doe police officers employed by the Coatesville Police Department. (Compl. Ex. A at 1.)

Plaintiff maintains that the charge against him arose from a false claim that he committed retail theft at the Walmart Super Store in Parkesburg, Pennsylvania on April 7, 2009. (Compl. Ex. A at 3; New Compl. ¶ 10.) The Complaint and proposed New Complaint allege the following facts. Plaintiff was accused of stealing a charger for his T-Mobile phone that he had purchased, along with other items, and then plugged into a wall outlet near Walmart's cigarette machine so that he could charge his phone. (New Compl. ¶¶ 12-19.) While Plaintiff's phone was charging, he was approached by Walmart employees, Police Officer Smith, and Security Protection Associate Michele Swinty, who accused him of stealing the phone charger. (Id. ¶ 20.) Plaintiff was detained for over an hour, and then released. (Id. ¶ 22.)

---

[1]These are the second paragraphs numbered 24-25 in the proposed New Complaint.

Plaintiff was arrested on May 21, 2009, following the traffic stop of a car in which he was a passenger. (Compl. Ex. A at 3; New Compl. ¶ 3.) There was no probable cause for the traffic stop. (New Compl. ¶¶ 5-8.) The arresting officers, Police Officer Cooper and Police Officer McCarthy, relied on old warrant for Plaintiff's arrest, changing the date to make it appear to be a new warrant dated May 21, 2009. (New Compl. ¶ 9.) Plaintiff's bail was set at $5,000 and he was detained. (Id. ¶ 24.) Plaintiff was denied his right to a probable cause hearing in conjunction with his arraignment. (Id. ¶ 25.)

Judge Gill held a preliminary hearing, which began on May 28, 2009 and continued on June 19, 2009. (Id. ¶¶ 26, 32.) Plaintiff represented himself before Judge Gill on June 19, 2009. (Id. ¶ 27.) False reports were given to Judge Gill during that hearing, and she ignored Plaintiff's evidence. (Id. ¶¶ 28, 33.) Plaintiff was also denied his right to a pretrial line-up prior to his preliminary hearing. (Id. ¶ 29.) Plaintiff's detention continued at the Chester County Prison following his preliminary hearing. (Id. ¶ 34.)

After Plaintiff's preliminary hearing, his case was sent to Judge Anthony A. Scarcione of the Chester County Court of Common Pleas and given Chester County Court of Common Pleas docket number CR-2445-09. (Id. ¶ 24.)[2] Plaintiff filed five motions asking Judge Scarcione to recuse himself because he was biased against Plaintiff, but Judge Scarcione denied his motions. (Id. ¶ 26.)[3] Plaintiff was also denied his First Amendment right to have representatives of the media attend his trial and was denied rights, under state law, to access the evidence against him. (Id.) Prior to the conclusion of Plaintiff's criminal trial, attorneys for Palmer, Reifler & Associates, P.A. filed a civil

---

[2]This is the second paragraph 24 in the proposed New Complaint.

[3]This is the second paragraph 26 in the proposed New Complaint.

3

action against Plaintiff on behalf of Walmart, seeking $425.00. (Id. ¶ 25.)[4]

Plaintiff contends that the Defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. He seeks monetary damages as follows: $5,000,000 from Walmart Department Stores; $100,000 from the Law Offices of Palmer, Reifler & Associates, P.A.; $100,000 from Magisterial District Judge Nancy A. Gill and a constable; $1,000,000 from the Parkesburg Police Department; $100,000 from Police Officer Amber L. Smith; $100,000 from Police Officer Alan Manning; $2,000,000 from the Security Company used by Walmart and its personnel; $1,000,000 from the Coatesville Police Department; $100,000 from Police Officer MacElroy; and $100,000 from each of the John Doe Police Officers.

## II. LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from governmental entities and officers and employees of governmental entities. We are thus required to review his Complaint and proposed New Complaint, "before docketing, if feasible . . . ." See 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Four of the Defendants to this lawsuit are not alleged to be officers or employees of any governmental entity. To the extent that we are not required to screen claims asserted against private citizens pursuant to § 1915A, we perform the same review of claims against non-governmental entities, officials and employees pursuant to 28 U.S.C. § 1915, because Plaintiff filed this action *in forma pauperis*. See 28 U.S.C. § 1915(e)(2) ("Notwithstanding any

---

[4]This is the second paragraph 25 in the proposed New Complaint.

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) "seeks monetary relief against a defendant who is immune from such relief."). A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under §§ 1915(e)(2)(B) and 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47

5

(1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III. DISCUSSION

Plaintiff alleges in his proposed New Complaint that his First and Fourteenth Amendment rights to media and press coverage were violated because his motion for pretrial publicity and press coverage was denied. (New Compl. ¶ 26.)[5] The First Amendment, in conjunction with the Fourteenth Amendment, clearly protects the press's right of access to criminal trials, although that right is subject to restriction. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 605-606 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 575, 580 (1980) (plurality op.). However, the proposed New Complaint does not allege that Judge Scarcione barred the press from Plaintiff's criminal trial. Indeed, a review of the docket for Plaintiff's criminal case no. CR-2445-2009 shows that, on January 29, 2010, Judge Scarcione ruled, in connection with Plaintiff's Motion to Order Pretrial Publicity, that "the press is constitutionally permitted to cover

---

[5]This is the second paragraph 26 in the proposed New Complaint.

any aspect of the trial in this matter."[6] Commonwealth v. Simpson, Docket No. CR-2445-2009 (Chester County Ct. of Common Pleas Jan. 29, 2010). We conclude, accordingly, that Plaintiff's Complaint and proposed New Complaint, considered together, fail to state a claim upon which relief may be granted for violation of Plaintiff's First and Fourteenth Amendment rights regarding press access to his trial.

The remainder of Plaintiff's claims allege violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights with respect to the validity of his arrest, the accuracy of the evidence against him, and the fairness of his trial in case no. CR-2445-2009. When we consider a lawsuit brought pursuant to § 1983 that poses a challenge to the constitutionality of the plaintiff's conviction, we must first consider whether the plaintiff's claims are barred by the favorable termination rule announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994):

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[6]We may consider "public records (including court files, orders, records and letters of official actions or decisions of government agencies and administrative bodies)" in deciding a motion pursuant to Rule 12(b)(6). Miller v. Cadmus Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994)).

Id. at 486-487 (footnote omitted). Plaintiff filed this suit before the underlying state court criminal action, No. CR-2445-2009, concluded. However, the docket for case no. CR-2445-2009 shows that, on April 13, 2010, Plaintiff pled guilty to one count of retail theft pursuant to 18 Pa. Cons. Stat. Ann. § 3929, was sentenced to a term of imprisonment of 6 to 12 months, was given credit for time served, and was paroled on the same day. See Commonwealth v. Simpson, Docket No. CR-2445-2009 (Chester County Ct. of Common Pleas). Plaintiff did not appeal this conviction, so it is now final. See Pa. R. Crim. P. 720(A)(3) (stating that a defendant who does not file a post-sentence motion shall file a notice of appeal within 30 days of imposition of sentence).

Since Plaintiff entered a guilty plea to the charge in case no. CR-2445-2009, he cannot satisfy the favorable termination rule. Consequently, Plaintiff's claims for violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights in connection with his arrest, the evidence against him, and his trial, which are asserted in the Complaint and proposed New Complaint, are barred by Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff's Complaint and proposed New Complaint thus fail to state any claims pursuant to the First, Fourth, Fifth, Sixth, or Fourteenth Amendments upon which relief may be granted.

We have determined that all of the claims asserted by Plaintiff in the Complaint and proposed New Complaint are based on "indisputably meritless legal [theories]." Roman, 904 F.2d at 194. We conclude, accordingly, that the instant action is frivolous. It is, therefore, dismissed with prejudice

8

pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1).[7] An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.

---

[7]"[I]n civil rights cases district courts must offer amendment - irrespective of whether it was requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we use the same standard applicable to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citation omitted). Since the claims asserted in the Complaint and proposed New Complaint are baseless, or are barred by Heck, we find that further amendment would be futile. This action is, accordingly, dismissed with prejudice.